NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

| | | |
|---|---|---|
| WHITE HORSE #2, | : | **Hon. Dennis M. Cavanaugh** |
| | : | |
| Plaintiff, | : | **OPINION** |
| v. | : | |
| | : | Case No. 11-cv-1538 (DMC) (JAD) |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**DENNIS M. CAVANAUGH, U.S.D.J.:**

        This matter comes before the Court upon the Motion of Defendant United States of America ("Defendant" or "the United States") for Summary Judgment. ECF No. 12. Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After reviewing the submissions of the parties, and based upon the following, Defendant's Motion is **granted**.

**I.        BACKGROUND**

        This matter concerns the disqualification of a retail food store from participation in the Supplemental Nutrition Assistance Program ("SNAP"), 7 U.S.C. §§ 2011–2036. Plaintiff is White Horse #2 ("Plaintiff"), a supermarket owned by an individual named Hipolito Ovalles ("Ovalles"). Compl. ¶ 1, 2, ECF No. 1; Def.'s Statement of Material Facts Not in Dispute ("Def.'s Statement") ¶ 2, ECF No. 12-1. Plaintiff originally named the United States Department of Agriculture ("USDA") as Defendant. Compl. ¶ 3. In response to a Motion to Dismiss for Lack of Jurisdiction,

however, Plaintiff filed an Amended Complaint, naming the United States as Defendant.  ECF Nos. 5, 7.

The United States, acting through the Food and Nutrition Service ("FNS") of the USDA, administers SNAP, a program that provides assistance to eligible households by supplementing their available funds to spend on food items.  Def.'s Statement ¶ 3; 7 U.S.C. § 2013(a).  Participants use their SNAP benefits to purchase food items at authorized stores, and the United States then redeems those benefits by paying the store the full face value of the benefits.  7 U.S.C. §§ 2013(a), 2016(b), 2018, 2019.

Plaintiff was authorized to participate in SNAP as a retailer in January of 2003.  Def.'s Statement ¶ 4.  In March and April of 2010, FNS conducted an investigation of Plaintiff, during which a confidential informant documented violations of SNAP regulations.  Def.'s Statement ¶ 5. These violations included four instances where ineligible items were sold in exchange for SNAP benefits, and two instances where store employees gave the confidential informant twenty dollars in cash after overcharging for food items purchased with SNAP benefits.  Def.'s Statement ¶¶ 6-7. The USDA then informed Ovalles that Plaintiff had been charged with trafficking, as defined in Section 271.2 of the SNAP regulations, which carries a sanction of permanent disqualification from the SNAP program.  Def.'s Statement ¶ 8; Administrative Record ("AR") 7, ECF. No. 12-3; 7 C.F.R. §§ 271.2, 278.6(e)(1).  The letter also informed Plaintiff of the possibility that FNS may impose a civil monetary penalty in lieu of permanent disqualification, if Plaintiff met the list of criteria in 7 C.F.R. § 278.6(i).

Ovalles responded to Defendant's letter with an Affidavit dated October 1, 2010, acknowledging the violations, but asserting a number of mitigating circumstances.  A.R. 34-36.  In

addition to stating that he does not condone or benefit from violations of SNAP regulations, Ovalles asserted that his store operates in a high crime area, that he provides essential services to his area, and that he personally trains each clerk.  A.R. 34-36.  Ovalles then sent a Supplemental Affidavit to Defendant, dated November 29, 2010, further defending his business.  A.R. 39.  Ovalles reasserted his own innocence and again stated that he personally trained his clerks.  A.R. 39.  Ovalles also indicated that the clerks involved in trafficking had been fired, and provided cash receipts in support of his claim that he did not know about the trafficking.  A.R. 39.

By letter dated January 6, 2011, the USDA informed Ovalles that his evidence was considered, but ultimately was insufficient to render Plaintiff eligible for a civil monetary penalty.  A.R. 80.  Accordingly, the USDA permanently disqualified Plaintiff from participation in the SNAP program.  A.R. 80.  The USDA also informed Ovalles of the administrative review process, which provided Plaintiff with the opportunity to appeal this decision.  A.R. 80.  Upon considering Plaintiff's application for administrative review, however, Defendant again determined that SNAP violations occurred, and that Plaintiff had presented insufficient evidence to warrant a penalty of only a civil fine.  Def.'s Statement ¶¶ 18-25.

Plaintiff commenced the present civil action on March 17, 2011, seeking judicial review of Defendant's determination.  ECF No. 1.  Defendant filed the present Motion for Summary Judgment on October 10, 2011.  ECF No. 12.  Plaintiff did not file any Opposition.  The matter is now before this Court.

## II.    STANDARD OF REVIEW

### A. Motion for Summary Judgment

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). The moving party bears the burden of showing that there is no genuine issue of fact. See id. "The burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party." Id. The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, but must produce sufficient evidence to support a jury verdict in his favor. See FED. R. CIV. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "[U]nsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990). "In determining whether there are any issues of material fact, the Court must resolve all doubts as to the existence of a material fact against the moving party and draw all reasonable inferences - including issues of credibility - in favor of the nonmoving party." Newsome v. Admin. Office of the Courts of the State of N.J., 103 F. Supp.2d 807, 815 (D.N.J. 2000), aff'd, 51 Fed. App'x 76 (3d Cir. 2002) (citing Watts v. Univ. of Del., 622 F.2d 47, 50 (D.N.J. 1980)).

**B.    SNAP**

SNAP provides for judicial review of any final determination by the FNS for aggrieved parties. 7 U.S.C. § 2023(a)(13). The statute provides that "the suit . . . shall be a trial de novo by the court in which the court shall determine the validity of the questioned administrative action in

issue. . . ." 7 U.S.C. § 2023(a)(15).  The Court's review consists of two parts.  First, the Court must review whether a violation occurred.  For this inquiry, the plaintiff challenging the administrative action has the burden of proving by a preponderance of the evidence that the charged SNAP violation did not occur.  Han v. Food and Nutrition Service, 580 F. Supp. 1564, 1567 (D.N.J. 1984) ("plaintiff bears the burden of establishing by a preponderance of the evidence that the agency's determination to disqualify [plaintiff] from participating in the Food Stamp Program is factually incorrect.") (quoting Redmond v. United States, 507 F.2d 1007 (5th Cir. 1975)) (internal quotation marks omitted).

Second, the Court must determine whether the sanction imposed is appropriate.  "The standard of review for the imposition of a sanction under SNAP is whether the Secretary's action was arbitrary or capricious, i.e., whether it was 'unwarranted in law or without justification in fact.'" Atl. Deli & Grocery v. United States, No. 10-4363, 2011 U.S. Dist. LEXIS 55395, at *15 (D.N.J. May 23, 2011) (citing Willy's Grocery v. United States, 656 F.2d 24, 26 (2d Cir. 1981)). Accordingly, the plaintiff challenging the sanction "has the burden of introducing evidence into the record that would allow the Court to conclude that the agency's determination . . . is unwarranted in law or fact."  Id.

### III.   DISCUSSION

There is no question in this case that a violation occurred.  Defendant has presented this Court with documentary evidence of the investigation into Plaintiff's conduct, and of the six instances of Plaintiff's violations.  Plaintiff's correspondences with Defendant during the administrative review period acknowledge that the violations occurred.  Plaintiff has not opposed

Defendant's motion, and as such, has not presented any further evidence to this Court suggesting that a violation did not occur.  Accordingly, Plaintiff has not carried its burden of establishing by a preponderance of the evidence that Defendant's determination was factually incorrect.

Further, while Defendant's decision to permanently disqualify Plaintiff from the SNAP program is a harsh penalty, it is appropriate under the law.  The record indicates that Defendant considered imposing only a civil monetary penalty, but determined that Plaintiff did not qualify for such a penalty under the regulations.  On appeal, Defendant again considered whether to impose only a civil monetary penalty, and again determined that Plaintiff did not qualify.  Pursuant to 7 C.F.R. § 278.6(e)(1), the FNS "shall" disqualify a firm permanently if personnel of the firm have committed trafficking violations.  Defendant's decision to disqualify Plaintiff from participation in the SNAP program was thus mandated by statute.  Plaintiff could qualify for a lesser civil monetary penalty only if Plaintiff "timely [submitted] to FNS substantial evidence which demonstrates that the firm had established and implemented an effective compliance policy and program to prevent violations of the Program."  7 C.F.R. § 278.6(i).  To make such a showing, Plaintiff needed to establish, at a minimum, substantial evidence that (1) the firm had developed an effective compliance policy; (2) that the firm had established that both its compliance policy and program were in operation at the location where the violation occurred prior to the occurrence of violations cited in the charge letter; (3) that the firm had developed and instituted an effective personnel training program; and (4) that the firm's ownership "was not aware of, did not approve, did not benefit from, or was not in any way involved in the conduct . . . or it is only the first occasion in which a member of firm management was aware of, approved, benefitted from, or was involved in the conduct . . . ."  Id.  The record does not indicate that Plaintiff established these criteria.  Nor has Plaintiff provided such evidence to this

Court. Accordingly, the Court finds that Defendant's decision was not arbitrary or capricious. Defendant is therefore entitled to Summary Judgment.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Defendant's Motion is **granted**.   An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh     
Dennis M. Cavanaugh, U.S.D.J.

Date:        April  27   , 2012
Orig.:       Clerk
cc:          All Counsel of Record
             Hon. Joseph A. Dickson, U.S.M.J.
             File